# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

**BROCK RILEY RAMEY**                                                                              **PETITIONER**

**v.**                                                           **CIVIL ACTION NO. 5:19CV-P161-TBR**

**WARDEN KEVIN R. MAZZA**                                                             **RESPONDENT**

## MEMORANDUM OPINION

Petitioner Brock Riley Ramey filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Ramey to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations. Ramey responded to the Court's Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The petition shows that Ramey was convicted on May 11, 2010, by a jury in Calloway Circuit Court of murder, first degree burglary, first degree assault, first degree wanton endangerment, and tampering with physical evidence. He was sentenced to life in prison.

According to the petition, Ramey filed an appeal, which was denied by the Kentucky Supreme Court on December 22, 2011. *See Ramey v. Commonwealth*, 2010-SC-000452-MR, 2011 Ky. Unpub. LEXIS 108 (Ky. Dec. 22, 2011). Plaintiff filed a Kentucky Rule of Criminal Procedure (RCr) 11.42 motion in September 2012 and supplemented the motion in June 2013. The Calloway Circuit Court denied the RCr 11.42 motion on January 23, 2014. Ramey appealed the denial, and the Kentucky Court of Appeals denied the appeal on February 27, 2015, and denied his motion for reconsideration on April 6, 2015. The Kentucky Supreme Court denied

discretionary review, but Ramey does not provide the date of the denial. According to the Kentucky Supreme Court's website, Ramey's motion for discretionary review was denied on December 10, 2015. *See* https://appellate.kycourts.net/SC/SCDockets/CaseDetails.aspx?cn=2015SC000222.

Ramey filed the instant petition for a writ of habeas corpus in this Court on October 21, 2019.[1]

## II. ANALYSIS

Because Ramey's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] Under the mailbox rule, the petition is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). The petition does not identify the date Ramey presented it to prison officials for mailing or the date he signed it, but the mailing envelope indicates that the petition was mailed on October 21, 2019 (DN 1, p. 29). The Court will therefore consider that date as the date the petition was filed under the mailbox rule.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Here, Ramey's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on March 21, 2012, 90 days after the Kentucky Supreme Court affirmed his conviction when the 90-day time period for filing a petition for a writ of certiorari to the United States Supreme Court ended. *See Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Therefore, his statute of limitations would have expired one year later on March 21, 2013.

However, according to the petition, Ramey filed a post-conviction motion challenging his state court conviction in September 2012. The AEDPA's one-year limitations period was tolled while Ramey's post-conviction motion was pending. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). The Kentucky Supreme Court denied Ramey's motion for discretionary review on December 10, 2015. Once the Kentucky Supreme Court denied discretionary review, the one-year limitations period began to run again.

Therefore, assuming Ramey filed his post-conviction motion on September 1, 2012, 164 days had transpired between the date his conviction became final and the date he filed his RCr 11.42 motion. The statute of limitations was tolled during the pendency of his RCr 11.42 motion and the appeal. It started to run again when the Kentucky Supreme Court denied his motion for discretionary review on December 10, 2015. Ramey had 201 days from that date, or until June 28, 2016, to file a timely § 2254 petition. Ramey did not file the instant § 2254 petition until October 21, 2019.

Therefore, Ramey's § 2254 petition seeking a writ of habeas corpus from this Court, filed over three years after the expiration of the statute of limitations, is time-barred and subject to summary dismissal.

Section 2254's statute of limitations is not jurisdictional, however, and is subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Id.* at 1008-09. A litigant "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Ignorance of the law alone does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004). Before dismissing the instant action, the Court ordered Ramey to show cause why his § 2254 petition should not be dismissed as barred by the applicable one-year statute of limitations.

Ramey filed a response to the Show Cause Order in which he states that he was housed at the Green River Correctional Complex (GRCC) in 2016 and that a legal aide was working on his habeas petition. Ramey asserts that he was transferred to Eastern Kentucky Correctional Complex (EKCC) but that the GRCC legal aide continued to work on his petition. He states that due to an investigation of computers at GRCC, his legal work was confiscated, and his legal aide could not complete his petition. He reports that he wrote to the warden of GRCC about his legal work over a period of months and finally received it. He states that when his legal work was

4

returned he got a legal aide at EKCC to finish his petition. Ramey further states that in 2019 he got transferred back to GRCC and filed his petition in October 2019.

Upon consideration, Ramey fails to demonstrate that extraordinary circumstances prevented him from timely filing his habeas petition. General allegations of transfers and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain or present evidence demonstrating why the circumstances he describes prevented him from timely filing a habeas petition. *See, e.g.*, *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *United States v. Fredette*, 191 F. App'x 711, 713 (10th Cir. 2006) (finding that petitioner was not entitled to equitable tolling of his § 2255 petition, despite his transfer to as many as six different facilities, because even if petitioner was denied access to legal materials in violation of his constitutional right of access to the courts, he failed to show how the transfers affected his ability to file timely); *Campbell v. Roberts*, 143 F. App'x 110, 113 (10th Cir. 2005) (finding that petitioner's allegation of inadequate access to legal materials was insufficient to account for the approximately five-year delay in filing his petition); *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000) (deciding that, in the context of a § 2255 petition, equitable tolling was not warranted where petitioner entrusted his legal papers to another inmate who was placed in segregation, thus separating petitioner from his own legal documents); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Ramey fails to explain how his transfer between institutions or separation from his legal materials actually prevented him from filing a timely § 2254 petition. The events described do not show extraordinary circumstances which stood in the way of Ramey filing his petition, which he ultimately filed over three years after the statute of limitations expired. The Court concludes that Ramey has not demonstrated grounds for equitable tolling and, therefore, holds that the § 2254 petition is time-barred.

By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Ramey appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is

warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: May 19, 2020

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4413.010